UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re PARMALAT SECURITIES LITIGATION

This document relates to:   04 Civ. 9771

MASTER DOCKET
04 MD 1653 (LAK)

------------------------------------- x

DR. ENRICO BONDI,

            Plaintiff,

  -against-

04 Civ. 9771 (LAK)

GRANT THORNTON INTERNATIONAL, et al.,

            Defendants.

------------------------------------- x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff Dr. Enrico Bondi moves to compel defendants Grant Thornton International, Grant Thornton LLP, Deloitte Touche Tohmatsu ("DTT"), Deloitte & Touche LLP, Deloitte & Touche USA LLP, and Deloitte & Touche S.p.A. ("Deloitte Italy") to respond to his document request and answer his interrogatories. In an opinion of even date, the Court has ruled on so much of this motion as seeks to compel DTT to produce documents sent to it in Switzerland by other Deloitte member firms. This order disposes of the balance of defendants' objections to discovery.

       1.    Defendants object to discovery probing the internal workings of the Deloitte and Grant Thornton organizations, an inquiry manifestly designed to assist plaintiff in establishing that the international umbrella and U.S. entity in each organization is liable for the alleged fraud of their Italian affiliates. In light of the Court's resolution of these issues in the motions of defendants (other than Deloitte Italy, which made no such motion) to dismiss the complaint in the purported securities class action against Parmalat consolidated here in this multi-district litigation, these objections are overruled.

       2.    Defendants next object to the discovery insofar as plaintiff purports to require them to produce documents in the possession, custody or control of those of their affiliated firms that are not parties to this action. The short answer is this: if the documents are in the possession, custody or control of a party, they are subject to discovery. If they are not, a party can suffer no

adverse consequence from the failure to produce them. Accordingly, defendants are directed to produce all documents requested by plaintiff (except insofar as those requests are modified by this order) that are within their possession, custody or control. The Court will address the question whether documents in the hands of defendants' non-party affiliates are within defendants' possession, custody or control in the event that defendants fail to produce such documents and plaintiff seeks sanctions. *Cf. In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 446 (S.D.N.Y. 2000) (order compelling production of documents protected by foreign blocking statute may be appropriate).

3. Defendants object to production of their internal audit manuals, guidelines and standards on the ground that they are trade secrets and are unnecessary to disposition of this case. The Court assumes *arguendo* that these materials contain trade secrets, but "there is no absolute privilege for trade secrets and other confidential information." *Federal Open Market Comm. v. Merrill,* 443 U.S. 340, 362 (1979). Defendants' interest in confidentiality may be protected adequately by a protective order. The documents are relevant because, among other things, the extent to which the defendants complied with their own internal standards may bear importantly on at least two issues in this case: *scienter* and whether and to what extent the defendants controlled their Italian affiliates.

4. The parties disagree as to the appropriate end date for the period in respect of which discovery shall be made. Having considered their positions, the Court determines that the defendants shall provide discovery to and including March 31, 2004, provided, however, that they shall not be required to produce a privilege log for documents dated after January 8, 2004.

5. Defendants object to document requests 23, 27-34, 51-53, 55-65, 67-68 and 72-73, which generally seek documents relating to or reflecting the manner in which these organizations market themselves as single, global firms, on the ground that the requests are overbroad and effectively would require them to review and produce virtually all documents in their possession, custody and control.

In principle, documents of this nature are relevant. In application, plaintiff's requests are exceptionally overbroad. The problem, however, may be resolved by reason and good will on the part of each side. Among the possible approaches would be a detailed description by the defendants of the files they keep followed by a negotiated agreement as to which files would be searched. Should the parties be unable to resolve this issue within two weeks, the Court will consider appointment of a Special Master to do it for them.

6. Deloitte USA's objection to document request 50 is sustained. The request is unduly broad.

7. Defendants' objections to document request 103 are sustained. Plaintiff has articulated no legitimate basis for such a fishing expedition.

The Court has considered and rejected all of defendants' other objections.

Plaintiff's motion to compel discovery [docket item 42] is granted to the extent set forth above. The cross-motion of Deloitte & Touche LLP and Deloitte & Touche USA LLP [docket item 66] is denied.

SO ORDERED.

Dated: June 28, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)