UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

DR. ENRICO BONDI,                   :

                Plaintiff,        :     04 Civ. 9771 (LAK)(HBP)

  -against-                        :     MEMORANDUM OPINION
                                          AND ORDER
GRANT THORNTON INTERNATIONAL,       :
et al.,
                                    :

                Defendants.       :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/06

       PITMAN, United States Magistrate Judge:

       I write to address an issue that was inadvertently omitted from my Memorandum Opinion and Order in this matter dated June 29, 2006. Familiarity with my June 29, 2006 Memorandum Opinion and Order is assumed.

       In addition to asserting that the materials sought by plaintiff are privileged -- an argument that I rejected in my June 29, 2006 Opinion and Order -- Deloitte Touche Tohmatsu ("DTT") and Deloitte & Touche S.p.A. ("Deloitte Italy") argue, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, that the burden of producing the documents at issue outweighs the likely benefit. For the reasons set forth below, I also reject this argument.

       Rule 26(b)(2)(iii) provides that a court may limit discovery if "the burden or expense of the proposed discovery

outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Although this rule is most commonly invoked where a party seeks voluminous or inaccessible documents of dubious relevance, it can also be invoked where the harm, either to society or a party, will outweigh the benefit of disclosure. "This power, moreover, may be employed where the burden is not measured in the time or expense required to respond to requested discovery, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material." Johnson v. Nyack Hosp., 169 F.R.D. 550, 562 (S.D.N.Y. 1996); see also Herbert v. Lando, 441 U.S. 153, 177 (1979) (rejecting the editorial process privilege but suggesting that the district court may, nevertheless, limit discovery); Mitchell v. Fishbein, 227 F.R.D. 239, 244-48 (S.D.N.Y. 2005) (permitting redaction of the identities of individuals who submitted evaluations concerning an attorney's application for re-certification to represent indigent criminal defendants on the ground that disclosure of identities would have chilling effect on evaluators evaluations themselves produced). Therefore, DTT's and Deloitte Italy's assertion of harm that may occur if production is required must be weighed against the interest of plaintiff in obtaining all relevant documents through

discovery. In re Oxford Health Plans, Inc. Sec. Litig., No. 7:21-MC-76, 2001 WL 34780563 at *3 (S.D.N.Y. Apr. 30, 2001).

DTT and Deloitte Italy claim that production of the documents in issue will undermine the candor of their internal review processes and have submitted several affidavits in support of that conclusion. The documents in issue contain information such as whether the firms adhered to regulatory, legal and professional standards when conducting their audits and whether the firms' quality control systems had been well designed and effectively implemented (see Declaration of P. Nicholas Fraser in Opposition to Plaintiff's Motion to Compel Production of Practice Review Documents By DTT, dated April 19, 2006, at ¶ 2). This information is clearly relevant to plaintiff's claims.

DTT and Deloitte Italy's argument has been considered by two judges in this District and both have rejected it. For example, in In re Oxford Health Plans, Inc. Sec. Litig., supra, 2001 WL 34780563 at *3, the Honorable Charles L. Brieant, United States District Judge, dismissed an identical argument by KPMG Peat Marwick, stating:

> In Mercury Finance, 1999 U.S. Dist. LEXIS 11236, (N.D. Ill. July 12, 1999), Plaintiffs alleged that KPMG, in auditing financial statements of Mercury Finance Corporation ("Mercury"), violated certain provisions of GAAS, and that KPMG ignored substantial warnings during its audits that Mercury's accounting policies during fiscal 1995 violated GAAP. Plaintiffs moved to compel the production of, among other things, KPMG workpapers concerning peer review, as well as performance evaluations of accountants who worked on

the audits. In assessing whether the self-critical analysis should be applied, the court "balance[d] the public interest in protecting candid corporate self-assessments against the private interest of the litigant in obtaining all relevant documents through discovery." The court concluded that Plaintiff's substantial need for the workpapers concerning peer reviews and performance evaluations "outweigh[ed] KPMG's claim of privilege." The court also noted that given the allegations of widespread financial fraud, KPMG's argument that failing to recognize the privilege could have a chilling effect on KPMG's ongoing efforts to monitor and improve the quality of its work was without merit.

Here, as in <u>Mercury Finance</u>, Plaintiffs' substantial need for the documents requested outweighs KPMG's claims of the so-called self-evaluative privilege. Documents concerning evaluations, reviews and resumes of KPMG personnel who performed work on the Oxford audit would enable Plaintiffs to obtain information including whether those employees were properly trained for the audit, whether they followed appropriate accounting and auditing procedures. Such information is relevant and necessary to Plaintiffs in proving their allegations in this case.

<u>Accord</u> <u>In re Livent, Inc. Noteholders Sec. Litig.</u>, 98 Civ. 7161 (DFE), 2003 WL 23254 at *2 (S.D.N.Y. Jan. 2, 2003) (holding that plaintiff's substantial need to obtain self-evaluative documents outweighed accounting firm's need to maintain confidentiality of self-critical documents).

In this case, as in <u>In re Oxford Health Plans, Inc. Sec. Litig.</u>, the information sought may shed substantial light on the plaintiff's claims against DTT and Deloitte Italy. Although there is an interest in promoting self-evaluation among virtually all professionals, there is also a strong public interest providing litigants with access to all information relevant to

4

their claims in order to promote the truth-finding function of litigation. In addition, where, as here, the relevant legislative branch has declined to recognize the privilege, courts must be especially cautious not to circumvent that determination through a "burden versus benefit" analysis. See Johnson v. Nyack Hosp., supra, 169 F.R.D. at 556-61.

Accordingly, for all the foregoing reasons, plaintiff's motion to compel production of documents by DTT and Deloitte Italy is granted.

Dated: New York, New York
July 27, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

John B. Quinn, Esq.
Peter E. Calamari, Esq.
Loren Kieve, Esq.
R. Brian Timmons, Esq.
Terry L. Wit, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
17th Floor
335 Madison Avenue
New York, New York 10017

Michael J. Dell, Esq.
Timothy P. Harkness, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Richard A. Martin, Esq.
Kevin J. Toner, Esq.
Mark A. Picard, Esq.
Patryk J. Chudy, Esq.
Heller Ehrman LLP
Times Square Tower
7 Times Square
New York, New York  10036