UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re PARMALAT SECURITIES LITIGATION

This document relates to:    04 Civ. 9771

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MASTER DOCKET
04 MD 1653 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       In an order dated June 29, 2006, Magistrate Judge Pitman granted plaintiff's motion (04 Civ. 9771, docket item 219) to compel defendants Deloitte Touche Tomatsu and Deloitte Touche S.p.A. (collectively "Deloitte") to produce portions of certain documents that these defendants claim are protected by a so-called self-evaluative privilege ("Order 1" [04 Civ. 9771, docket item 243]). In another order, dated July 27, 2006 ("Order 2" [04 Civ. 9771, docket item 253]), Judge Pitman reiterated his ruling after addressing a point inadvertently omitted from Order 1, viz. that discovery should be foreclosed under Fed. R. Civ. P. 26(b)(2) even if the documents in question are not privileged.

       Deloitte objects to both orders. It contends that Order 1 should be overturned because Judge Pitman should have applied Federal Rule of Evidence 501, rather than Illinois law, to the self-evaluative privilege question; that the materials in question are privileged under either federal or Illinois law; and in any case that the materials in question should be protected from disclosure under Fed. R. Civ. P. 26(b)(2). It objects to Order 2 on the theory that Judge Pitman applied the incorrect standard in evaluating its Rule 26(b)(2) argument.

       The decision of a magistrate judge will not be overturned unless it rests on an error of law or a clearly erroneous finding of fact. With this in mind, the Court addresses Deloitte's arguments.

       1.     Deloitte's contention that federal rather than Illinois law governs the privilege question is based on a misconception that the transfer of this action to this Court by the Multidistrict Panel for coordinated or consolidated pretrial proceedings somehow altered the nature of the case by virtue of the presence of other cases in the MDL.[1]

       This action was commenced on purely state law claims in the Illinois state courts. State law therefore will supply the rule of decision notwithstanding the removal of the suit. Fed. R. Evid. 501 explicitly provides that, in such a case, the question of privilege is governed by state law. The fact that the action was transferred here by the Panel and that other cases are pending against Deloitte in the

---

     [1]     It has captioned its objections and related papers with the docket numbers 04 MD 1653, which is the master docket for all the MDL cases, and 04 Civ. 0030, which is the docket number of a securities class action. In fact, however, plaintiff's motion and Judge Pitman's orders pertain only to 04 Civ. 9771, the plaintiff's Illinois state court action that was removed to the Northern District of Illinois and then transferred here by the Panel.

MDL in which Rule 501 might require a different result by virtue of the presence of claims based on federal law alters nothing.  Judge Pitman therefore was correct in concluding that the existence of a self evaluative privilege in this case is governed by Illinois law.

2.      Deloitte has shown no error in Judge Pitman's conclusions that Illinois does not recognize the asserted self-evaluative privilege and that the Illinois Public Accounting Act, 255 Ill. Comp. Stat. Ann. 450/30.3 (West 2006), does not apply to the particular Deloitte entities at issue here because they are not registered in Illinois, not providing services to Illinois clients, and not subject to Illinois accounting standards and because there is no evidence that any of the documents in questions was generated by anyone protected by the Illinois statute.

3.      The Rule 26(b)(2)(iii) argument is based largely on the decision by the undersigned in *Johnson v. Nyack Hospital,* 169 F.R.D. 550, 562 (S.D.N.Y. 1996).  The Court remains of the view that this rule may warrant protective of unprivileged materials where the harm from their disclosure would outweighs its benefits and that disclosure of self evaluative materials in some circumstances might cause such harm.  Judge Pitman, however, committed no error of law or fact in concluding that Rule 26(b)(2)(iii) does not warrant the withholding of what appear to be highly relevant documents.

Moreover, the Court cannot help but observe that Deloitte's claim that the disclosure of these allegedly self-evaluative materials would impair its ability to improve professional standards and the like by discouraging those involved in the reviews from making candid comments for fear of disclosure.  The Deloitte firm, by which the Court here refers to the entire worldwide operation, is a far flung enterprise.  There is no universally applicable self evaluative privilege in the United States, let alone abroad.  The question whether a particular document is protected by privilege cannot be determined at the time the document is created for the simple reason that one cannot be certain whether its production will be sought in a jurisdiction in which such a privilege is recognized or elsewhere.  Even in those jurisdictions that recognize such a privilege, the privilege is rarely if ever absolute and may be overcome by competing considerations in unpredictable circumstances.  *See Application of Federation Internationale de Basketball,* 117 F. Supp.2d 403, 407 (S.D.N.Y. 2003).  Hence, whatever reviews Deloitte chose to make necessarily were undertaken with the knowledge that the documents generated might well be discoverable.  That will be true of whatever reviews it may make in other situations in the future, irrespective of the outcome of this motion.  The only means of ensuring confidentiality would be the enactment by Congress of legislation creating an absolute or nearly absolute privilege and preempting contrary state law.

Accordingly, Deloitte's objections to Orders 1 and 2 are overruled, and those orders are affirmed.  Deloitte shall produce the requested documents on or before September 25, 2006.

SO ORDERED.

Dated:          September 14, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)